**Robert A. LANTAGNE, Petitioner—Appellant,**

v.

**Patricia GORMAN, Respondent—Appellee.**

No. 04–35719.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2006.\*

Decided Feb. 8, 2006.

Sheryl Gordon McCloud, Esq., Law Offices of Sheryl Gordon McCloud, Seattle, WA, for Petitioner—Appellant.

Robert A. Lantagne, Vancouver, WA, pro se.

Ronda Denise Larson, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent—Appellee.

Before D.W. NELSON, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM \*\*

Robert Lantagne appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254, regarding his state-court conviction for second-degree rape. We have jurisdiction under 28 U.S.C. § 2253, and we affirm the district court's decision.

We previously granted a certificate of appealability (COA) on the issue whether the prosecutor's closing argument regarding the meaning of reasonable doubt violated Lantagne's due process rights and Sixth Amendment right to a fair trial The scope of the COA permits us to reach Lantagne's arguments concerning the

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

prosecutor's use of a jigsaw puzzle analogy to illustrate the concept of reasonable doubt.

We now certify for appeal the additional issue of whether the prosecutor violated Lantagne's due process rights or Sixth Amendment right to a fair trial by improperly equating mere belief in a witness with belief beyond a reasonable doubt. *See* 28 U.S.C. § 2253(c)(2) (requiring "a substantial showing of the denial of a constitutional right" to grant a COA); *see also Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (elaborating on this standard); *Schardt v. Payne,* 414 F.3d 1025, 1032 (9th Cir.2005) (noting that noncompliance with Circuit Rule 22–1(f) does not necessarily deprive the court of jurisdiction to rule on a request for a COA).

However, Lantagne's contention that the closing argument included inflammatory language does not pertain to the meaning of reasonable doubt and therefore falls outside the scope of the COA. As Lantagne has failed to make a substantial showing that the allegedly inflammatory language was "so gross as probably to prejudice [Lantagne]," *United States v. Potter,* 616 F.2d 384, 391–92 (9th Cir.1979), we decline to expand the COA to encompass Lantagne's new argument. *See* 28 U.S.C. § 2253(c)(2); *Slack,* 529 U.S. at 484, 120 S.Ct. 1595.

We need not address the question of procedural default if, as we find here, the arguments before us fail on the merits. *See Franklin v. Johnson,* 290 F.3d 1223, 1232 (9th Cir.2002). Any prejudicial effect of the errors alleged could have been totally cured by contemporaneous objections. We therefore conclude that the prosecutor's conduct did not violate any of Lantagne's clearly established constitutional rights and that Lantagne's state court proceedings did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. *See Williams v. Taylor,* 529 U.S. 362, 410–11, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

**AFFIRMED.**